JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05077-RGK-MAA | Date | September 28, 2020 |
|---|---|---|---|
| Title | *LILIT NAVASARDYAN v. BMW OF NORTH AMERICA, LLC, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER Remanding Action to State Court

Lilit Navasardyan ("Plaintiff") filed a complaint against BMW of North America, LLC ("Defendant") alleging violations of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301 *et seq.*) and the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*). Plaintiff's allegations arise from the purchase of a vehicle from Defendant.

On June 8, 2020, Defendant removed the action to this Court pursuant to jurisdiction based on federal. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1331, a district court shall have original jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." A federal question claim brought under the Magnuson-Moss Warranty Act also requires that the amount in controversy exceeds "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount-in-controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

Plaintiff seeks restitution for all money paid, incidental and consequential damages, civil penalties, and reasonable attorneys' fees. In the Notice of Removal, Defendant asserts that Plaintiff's Magnuson-Moss claim arises out of federal law and that the amount in controversy exceeds $50,000. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05077-RGK-MAA | Date | September 28, 2020 |
| Title | *LILIT NAVASARDYAN v. BMW OF NORTH AMERICA, LLC, et al* | | |

support, Defendant states the total consideration over the term of the sale contract is $77,447.76. Therefore, including civil penalties and attorney's fees, the amount in jurisdiction is well over $75,000.

Defendant, however, fails to plausibly allege that the amount in controversy meets the jurisdictional minimum. The Retail Installment Sale Contract attached to Defendant's Notice of Removal shows a total sale price of $77,447.76. This entire amount, however, does not necessarily calculate into the amount in controversy. Plaintiff requests restitution for all money paid to Defendant; yet Defendant fails to indicate the amount of payments made. Additionally, the value that Plaintiff is eligible to recover is reduced to account for Plaintiff's use of the vehicle. *See Moreno v. GM Co.*, No. 2:09-cv-00602 JWS, 2010 U.S. Dist. LEXIS 3672, at *8–9 (D. Ariz. Jan. 15, 2010) (applying the formula set forth in *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402 (7th Cir. 2004)). Defendant also fails to indicate the number of miles Plaintiff drove. Without this information, the Court is left with considerable doubt as to the starting point for calculating amount in controversy. *See Tokmakova v. Volkswagen Group of Am., Inc.*, 12-cv-04666 SJO, 2012 U.S. Dist. LEXIS 109164, at *7 (C.D. Cal. Aug. 1, 2012).

Defendant also supports removal with Plaintiff's request for attorneys' fees and civil penalties available under the Song-Beverly Act. However, for the reasons Defendant's calculation of damages are deficient, civil penalties are similarly deficient, as they are based on the amount of damages. As to attorney's fees, the Court finds that Defendant has not carried its burden of showing by a preponderance of the evidence, the amount of future attorneys' fees. At best, Defendant has provided only speculation.

Accordingly, the Court finds that Defendant has not plausibly alleged that the amount in controversy meets the jurisdictional requirement in the Magnuson-Moss Warranty Act.

In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: Remand to Los Angeles County Superior Court, 20STCV16992

_____ : _____
Initials of Preparer        jre